167 So. 353

## WASHINGTON NAT. INS. CO. v. PARTAIN.

### I Div. 223.

Court of Appeals of Alabama.
April 7, 1936.

J. G. Bowen, of Mobile, for appellee.

J. E. Meredith, of Mobile, and Alex C. Birch, of Montgomery, for appellant.

BRICKEN, Presiding Judge.

The complaint in this case consisted of four counts. No objection by demurrer or otherwise was interposed as to counts 1 and 2. The court overruled demurrers as to counts 3 and 4 and upon this action of the court the first three assignments of error are predicated.

There was no error in overruling the demurrer to counts 3 and 4 of the complaint. The facts presented in these counts were in compliance with section 9457 of the Code 1923, which provides it sufficient if the facts are so presented that a material issue in law or fact can be taken by the adverse party thereon. In other words, the counts of the complaint in question were sufficient to inform the court and the defendant as to the nature and character of the action. Moreover, there was a general verdict in favor of plaintiff upon the complaint as a whole.

Assignment of error 4 is not sustained by the record. The matter in question was well within the discretion of the court, and it clearly appears that the index cards were not admitted in evidence, as complained of in said assignment 4. In this connection the court instructed the jury

as to said index cards, among other things as follows:

"Now, during the course of the trial when these cards were offered, the court sustained objection to these cards. Later, for the convenience of the jury, and that alone, the court permitted the cards to be sent to the jury as an index to the various items claimed by the plaintiff and instructed the jury that these cards were not competent evidence and should in no sense be regarded as evidence. The cards were given to you so that you could take each item where the collection book is referred to and see whether or not that item was there or not there or whatever other information you might get from the books which were in evidence. In other words, these cards are nothing in the world but a key or index for your convenience. They cannot be evidence in the case. * * * I don't want you to use these cards as evidence when I strictly enjoined you from considering them as evidence. * * * You can use these cards to check from page to page only and they are not evidence and prove nothing and they have no probative value. These cards have nothing about them that is of probative value and they were merely for your convenience to save time."

It is easy to ascertain here from this record that the trial of facts in this case in the court below was not without difficulty, and that the trial judge realized this and, as stated, exercised a discretion by permitting the jury the use of the cards in order to enable them to locate in the several large books in evidence the specific items, the basis of this action.

The action of the court in connection with the foregoing in no manner necessitated, or warranted, a discharge of the jury, etc., as insisted in assignment of errors 5 and 6.

█ Under the evidence in this case, the defendant was not entitled to a directed verdict, and therefore there was no error in the refusal of the affirmative charge to the defendant as insisted in assignment of error 7. There was evidence in the case on the trial below which tended to sustain the material averments of the complaint, including the question that the manager of the defendant company, a Mr. Sherlock, committed the acts complained of while acting within the line and scope of his duties as manager. In a concise, fair, and plainly stated oral charge the trial court submitted this case to the jury, after covering every phase thereof for their determination. We are of the opinion the evidence adduced was ample to support the verdict of the jury and the judgment rendered in accordance therewith, and also to justify the trial judge in overruling defendant's motion for a new trial.

The judgment of the lower court will stand affirmed.

Affirmed.